UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAMMY GODMAN,

    Plaintiff,

v.                                    Case No. 3:25cv2657-TKW-HTC

PENNYMAC LOAN
SERVICES, LLC, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Tammy Godman, proceeding *pro se*, has filed a complaint (Doc. 1) and motions for a temporary restraining order and a preliminary injunction (Docs. 3 & 4). She seeks to prevent enforcement of a judgment of foreclosure entered in state court on July 29, 2025. Upon consideration, the undersigned concludes: (1) this case should be DISMISSED without prejudice for lack of jurisdiction, as it barred by the *Rooker-Feldman* doctrine[1]; and (2) the pending motions should be DENIED as moot.

---

[1] The doctrine derives its name from two cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

I.      Background

Godman sues Pennymac Loan Services, LLC, Pennymac Corporation, and Pennymac Financial Services, LLC (collectively, "Pennymac").  On September 13, 2023, Pennymac filed suit in state court to foreclose on a property in Okaloosa County owned by Godman.[2]  *See* Okaloosa Cnty. Case No. 2023 CA 3402.[3]  On July 29, 2025, the state court entered a final judgment of foreclosure in favor of Pennymac, and Pennymac purchased the property at auction on December 18, 2025. Godman alleges in this suit that Pennymac: (1) "asserted control and enforcement authority over Estate[4] property without producing verified proof of standing, ownership, or authority"; (2) "did not originate the alleged obligation, were not parties to the original closing, and did not suffer any verified loss"; and (3) failed "to provide a complete accounting despite notice that the alleged obligation was disputed and that the property was under fiduciary administration."  Doc. 1 at 9. Godman takes issue with Pennymac's "continued foreclosure and enforcement activity." *Id.*

---

[2] Godman is identified as "Tammy Belinda Arcos" in the state court litigation.
[3] The Court may take judicial notice of the state court docket for the foreclosure proceeding.  *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652-53 (11th Cir. 2020).
[4] Some aspects of Godman's complaint, such as the reference to her being "the duly accepted Executor and Intended Beneficiary of the Estate(s) of Tammy Belinda Godman and Tammy Belinda Arcos," are associated with the sovereign citizen movement.  Courts have routinely rejected that movement's legal theories as frivolous.  *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous.").

Based on the foregoing, Godman claims Pennymac violated the Real Estate Settlement Procedures Act ("RESPA") and deprived her of property without due process. As relief, Godman asks the Court to: (1) declare that Pennymac lacks "lawful standing or authority absent verified proof and accounting"; (2) "order a full equitable accounting of all transactions, proceeds, credits, and offsets related to Estate property"; and (3) enjoin Pennymac "from foreclosing upon, selling, transferring, encumbering, or enforcing any interest in Estate property." *Id.* at 10.

## II. Discussion

The *Rooker-Feldman* doctrine prohibits a district court from exercising subject matter jurisdiction over a complaint "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine bars claims where "the source of the plaintiff's injury is the state-court judgment itself," *Efron v. Candelario*, 110 F.4th 1229, 1236 (11th Cir. 2024), "whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else." *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021) (citation omitted).

Here, the state court entered a final judgment of foreclosure on July 29, 2025—before Godman filed this federal action on December 19, 2025.[5] The thrust of Godman's complaint is that the state court foreclosure judgment is invalid because Pennymac failed to establish the prerequisites for the judgment. And she specifically seeks to stop enforcement of the judgment. Because Godman wants this Court to nullify the judgment of foreclosure and allow her to relitigate issues already decided in state court, this case should be dismissed without prejudice under the *Rooker-Feldman* doctrine. *See Froncek v. Nationstar Mortgage LLC*, 2015 WL 12838166, at *1 (M.D. Fla. Aug. 3, 2015) (concluding court lacked jurisdiction under *Rooker-Feldman* doctrine to stop foreclosure sale and consider propriety of state foreclosure order); *see also, Leathers v. Specialized Loan Servicing, LLC*, 3:25cv51TKW/HTC (February 7, 2025) (Doc. 5) (adopting, over objection, report and recommendation for dismissal of suit attacking foreclosure judgment as violating due process rights based on *Rooker-Feldman*).

In addition, while Godman makes the conclusory allegation that Pennymac violated RESPA by not providing her a full accounting after she made a qualified written request (Doc. 1-1 at 3), that reference to RESPA does not move her claims

---

[5] No appeal has been filed in the state court action that would preclude application of the *Rooker-Feldman* doctrine. *See Nicholson v. Shafe*, 558 F.3d 1266, 1279 (11th Cir. 2009) ("state proceedings have not ended for purposes of *Rooker–Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action").

outside the reach of the *Rooker-Feldman* doctrine because: (1) she asserts the failure to provide the accounting should prevent enforcement of the foreclosure judgment; and (2) nothing indicates she could not have made this argument in state court.[6] *See* Doc. 1 at 9 ("Plaintiff seeks equitable relief to … compel full accounting before any enforcement may proceed."); *see also Cavero v. One West Bank FSB*, 617 F. App'x 928, 930 (11th Cir. 2015) (affirming dismissal of complaint under *Rooker-Feldman* because deciding RESPA claim would have required the district court to effectively nullify the state court's final judgment recognizing the validity of the debt and authorizing foreclosure on the … property").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED without prejudice for lack of jurisdiction.

2. That all pending motions (Docs. 3 & 4) be DENIED as moot.

3. That the clerk close the file.

At Pensacola, Florida, this 29th day of December, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Godman's due process claim is also frivolous because Pennymac is not a state actor. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (explaining that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.") (citation omitted).

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.